23359

In the Matter of Kenneth Wayne SHELLEY, Respondent.
(407 S.E. (2d) 626)

Supreme Court

*Kenneth Wayne Shelley, pro se.*

*Attorney Gen. T. Travis Medlock, Deputy Atty. Gen. John P. Wilson,* and *Asst. Atty. Gen. James G. Bogle, Jr.,* Columbia, *for complainants.*

Heard Dec. 12, 1990; Decided March 4, 1991.

Rehearing Denied Aug. 16, 1991.

GREGORY, Chief Justice:

This is an attorney disciplinary matter. The hearing panel and the Executive Committee found respondent neglected a legal matter entrusted to him, intentionally failed to carry out a contract of employment, damaged clients by failing to properly represent them, engaged in deceitful or dishonest conduct, used clients' trust account funds for his own purposes, failed to communicate with clients and opposing counsel, and failed to cooperate with the Board of Commissioners on Grievances and Discipline. We concur in these findings and conclude the appropriate sanction is suspension for one year and restitution.

In September 1985, respondent agreed to represent Laura McDaniel in a workers' compensation matter. During the course of the representation, he failed to submit bills and receipts to the carrier for reimbursement and failed to return the bills to the client when requested. Respondent also failed to finalize the settlement by filing required forms with the Commission, even after repeated requests from the carrier's attorney to do so. As a result, the client was not reimbursed for three years.

Respondent also agreed to represent Mrs. McDaniel's husband, Alan McDaniel, in a personal injury action. Upon settling the matter, respondent allowed Mr. McDaniel to sign his wife's name to the joint settlement check and to the release. Respondent then witnessed the release. Respondent retained $1,819.00 of the settlement funds in his trust account to pay the client's outstanding hospital bills. Despite repeated calls from the client and an attorney he retained, respondent failed to pay the bills for eighteen months. During this period, respondent's trust account balance fell below the amount owed on his client's behalf. Furthermore, the medical bills totalled only $1,769.00 and respondent failed to remit the difference to Mr. McDaniel.

In July 1986, respondent accepted a fee from Fred K. Fowler to represent him in connection with a driver's license suspension. Respondent did not return Mr. Fowler's telephone calls and failed to proceed with the matter. Mr. Fowler was forced to obtain other counsel. The fee was not returned.

Respondent also comingled personal and trust account funds and disbursed trust account checks for business and personal expenses. He failed to respond to the Board regarding the above complaints and failed to comply with subpoenas issued by the Board.

Respondent is hereby suspended from the practice of law for one year from the date of filing of this opinion. Respondent shall comply with the requirements of Rule 413, para. 30, SCACR. Further, respondent shall return to Fred Fowler his attorney's fee and shall pay the outstanding settlement funds to Alan McDaniel.

Temporary suspension.

FINNEY, J., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.

CHANDLER and TOAL, JJ., concurring in part and dissenting in part in separate opinion.

TOAL, Justice (concurring in part and dissenting in part):

While I concur with the majority regarding the Executive Committee's findings of the respondent's conduct, I dissent as to the sanction imposed. A panel of the Board of Commissioners on Grievances and Discipline recommended, *inter alia*, a public reprimand of the respondent as an appropriate sanction. The Executive Committee fully adopted the panel's findings of fact and conclusions of law but recommended a sixty day temporary suspension with certain requirements for readmission and some restitution.

I concur with the majority's requirement that the respondent comply with the requirements of Rule 413, para. 30, SCACR, as well as the requirement that the respondent make restitution to Fred Fowler and Alan McDaniel. However, I would follow the Executive Committee's recommendation that the suspension period for the respondent be sixty days.

CHANDLER, A.J., concurs.