23941

In the Matter of Kenneth Wayne SHELLEY, Respondent.
(437 S.E. (2d) 86)

Supreme Court

*Attorney Gen. T. Travis Medlock, Asst. Atty. Gen. James G. Bogle, Jr.,* and *Deputy Atty. Gen. John P. Wilson,* Columbia, *for complainant.*

*Kenneth Wayne Shelley, pro se.*

Heard May 4, 1993.

Decided Oct. 4, 1993.

*Per Curiam:*

This is an attorney disciplinary matter. Respondent was found to have violated Rule 1.4 of Rule 407, SCACR, by failing to communicate with two clients; DRs 1-102(A)(4) and (5), 2-106, 2-107(A)(2) and (3), S. Ct. R. 32, in a third matter; and DR 1-102(A)(4) in a fourth.[1] In addition, respondent was found to have mishandled his trust account, and to have exhibited a pattern of indifference in fulfilling his commitments and responsibilities to his clients, the Bar, and the Judiciary. The Hearing Panel concluded, "The manner in which Respondent has practiced his profession conclusively demonstrates the contempt that he has for the very basic ethical standards of the legal profession," and recommended respondent be disbarred. The Executive Committee unanimously adopted the Panel's findings of facts and conclusions of law but recommended a one-year suspension. We suspend indefinitely.

In March 1991 this Court temporarily suspended respondent for ethical misconduct occurring between 1985 and 1989. *In the Matter of Shelley*, 305 S.C. 180, 407 S.E. (2d) 626 (1991). At that time respondent was under investigation for additional acts of misconduct. In August 1991 we found respondent in contempt for failing to pay restitution as ordered in the March opinion, to notify all clients in writing of his suspension as required by Rule 413, Paragraph 30, SCACR, and for failing to comply with certain subpoenas issued in the course of the ongoing investigation. We held the contempt sanction in abeyance pending proof of compliance. As of May 1993, respondent had honored the subpoenas and paid the restitution, but had yet to comply with the Rule 413, Paragraph 30 notice requirement that all current clients be served by registered or certified mail with notice of respondent's suspension.[2] We find incredible, and indicative of respondent's contempt for this Court and his profession, his assertion that he thought

---

[1] Some of the misconduct occurred prior to our adoption of the Model Rules of Professional Conduct in September 1990.

[2] It is undisputed that by now all clients have received actual notice.

oral notification was sufficient and that he continued in this belief even after the August 1991 contempt proceeding. In light of our decision to indefinitely suspend respondent, however, we impose no separate contempt sanction.

The present charges involve misconduct during the period 1989-1991. In two criminal cases, respondent failed to communicate with clients. Although respondent met with the clients once, he failed to inform them of the date of their bond hearings. The hearings were scheduled for March 5, 1991, one day after the filing of the opinion temporarily suspending him. Not only did respondent admittedly fail to notify these clients and their families of his suspension, but it is evident that he actively misled them about his status as a suspended member of the Bar when questioned by them. As a result, the clients missed their bond hearings and remained in confinement for an additional period of time until they obtained substitute counsel. We agree with the Panel and Executive Committee that respondent's actions violated Rule 1.4, of Rule 407, SCACR, because they constituted inadequate communications with clients. We also find his acts constituted misrepresentation.

In the Comager matter, respondent undertook in 1989 to represent a client in an appeal and received an $1,800 fee, $1,000 of which was used to obtain a transcript. No transcript was ordered and no action was taken on the appeal. Comager subsequently brought suit to recover the fee. Respondent settled the suit for $2,000 in February 1992 and consented to entry of a judgment if the amount was not paid within thirty days. The judgment was enrolled in March 1992 and remains unsatisfied. Additionally, there was a serious failure to communicate in that respondent failed to respond to Comager's repeated requests regarding the status of this matter. The Panel and Executive Committee found respondent's conduct in this matter violated DR 1-102(A)(4), S. Ct. R. 32, in that he misrepresented to Comager that he was using part of the money to obtain a transcript. It is also clear respondent neglected a legal matter which had been entrusted to him.

In the final client matter presently before the Court, respondent took a large fee from Faircloth in exchange for a promise to get him released from prison early. Respondent sought a $10,000 fee but received only $6,000. Respondent led

Faircloth to believe he could obtain Faircloth's release through the offices and influences of a lawyer-legislator. Faircloth received no benefit as a result of this agreement and payment of the fee. Respondent testified that although he did 80% of the work, he kept only 20% of the fee and gave the rest, in cash, to the lawyer-legislator. There is no evidence of the lawyer-legislator's involvement in this matter other than respondent's representations.

The Panel and Executive Committee found that respondent engaged in misrepresentation in this matter by leading Faircloth to believe respondent could achieve a specific result, and engaged in dishonesty by implying he could achieve this result by influencing a government agency or official, in violation of DRs 1-102(A)(4) and (5). The Panel and Executive Committee also found the fee appeared excessive and the fee-splitting arrangement questionable, in violation of DRs 2-106 and 2-107(A)(2) and (3). We agree.

In addition to these four client matters and the contempt issue, respondent has been unable to reconstruct his trust account, although from the records available it is clear that respondent commingled client funds and his attorneys fees. In addition, respondent has failed to pay the costs ($1,441.47) incurred in this proceeding by March 22, 1993, as required by Rule 413, Paragraph 17(C), SCACR. These costs shall be paid within ten days of the filing of this opinion.

The record is replete with evidence of respondent's unfitness to practice law. Accordingly, he is indefinitely suspended. Any reinstatement shall be conditioned upon payment of all restitution due any client and satisfaction of the Comager judgment.

Indefinite suspension.